NEW-YORK,
May, 1808.

Hackley
v.
Hastie.

## Hackley *against* Hastie and Patrick.

AFTER a verdict for the plaintiff in this cause, at the last sittings, the defendants obtained a judge's order for the stay of proceedings, which was regularly served before the term. The plaintiff's attorney, notwithstanding the order, filed the *postea* on the fourth day of term, and entered a rule for judgment, *nisi*, &c.

*Wells*, for the defendants, now moved to vacate the rule entered, on the ground, that after the service of the order to stay proceedings, no further step could be taken in the cause.

*Colden*, contra. The entry of a rule *nisi* was regular. It cannot prejudice the defendants; for no judgment is entered up; and in case the verdict is set aside, the rule will be a mere nullity. If the party is not allowed to file

*Where a judge's order has been obtained to stay proceedings on a verdict, the party in whose favour the verdict was given, may, nevertheless, enter a rule nisi for judgment on the fourth day of the next term.*

NEW-YORK,
May, 1808.

Livingston
v.
Livingston.

his *postea*, and enter the rule conditionally, he may be delayed a term where the motion for a new trial is decided at *Albany*, or so late in term, that there is not time for the rule for judgment to be entered, or to expire.

*Per Curiam.* The entering of a rule *nisi* for judgment, cannot prejudice the defendant, and if not done on the fourth day of term, may produce inconvenience to the plaintiff, in case a new trial should be refused. No judgment can be entered up, until the motion for a new trial is decided.

Rule refused.